Clerk's Office
Filed Date: 3/10/2021

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA

    -against-

JOHN ANTHONY DELUTRO,

          Defendant.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
8-CR-559-CBA-CLP-5

**AMON, United States District Judge:**

Before me is Defendant John Delutro's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons stated below, the motion is DENIED.

### BACKGROUND

On October 14, 2009, Delutro was arrested in connection with the Staten Island robbery of a jeweler which resulted in the victim's death. (See generally Revised Pre-Sentence Report.) The indictment charged Delutro with three counts: Robbery Conspiracy, Attempted Robbery, and Using and Carrying a Firearm. On February 9, 2010, Delutro pled guilty to conspiracy to commit Hobbs Act Robbery pursuant to an agreement with the government. At sentencing, I recognized that "this was an extraordinarily serious offense." (ECF Docket Entry ("D.E.") # 416-1 ("Sent. Tr.") at 16:1-3.) I also acknowledged that Delutro's "plea agreement reflects that he was engaged in other criminal conduct that he was not convicted of." (Id. at 15:21-23.) I then imposed a prison sentence of 240 months—the sentence to which Delutro had stipulated in his plea agreement. (D.E. # 178 at 2.) On December 10, 2020, Delutro moved for compassionate release. The government opposes the motion.

**STANDARD OF REVIEW**

Under the First Step Act, district courts have broad discretion in deciding whether to grant or deny a motion for a sentence reduction. United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020); United States v. Gotti, 433 F. Supp. 3d 613, 619 (S.D.N.Y. 2020) ("The First Step Act was drafted using the word 'may,' not 'must.'").  In general, the defendant bears the burden of demonstrating his eligibility for compassionate release.  See United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992); United States v. Perez, 451 F. Supp. 3d 288, 291 (S.D.N.Y. 2020).  The provision of the First Step Act relevant here provides that:

> [T]he court . . . may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i).  As the Second Circuit recently held, "the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release."  Brooker, 976 F.3d at 237.

**DISCUSSION**

The First Step Act requires defendants seeking relief to exhaust their administrative remedies before seeking judicial relief.  See 18 U.S.C. § 3582(c)(1)(A).  The government does not dispute that Delutro has exhausted his administrative remedies.

**1. Extraordinary and Compelling Circumstances**

Delutro first argues that he is at extraordinary risk of illness due to the COVID-19 pandemic and his underlying health conditions.  Delutro suffers from obstructive sleep apnea and obesity.[1]  According to the United States Centers for Disease Control and Prevention ("CDC"),

---

[1] Delutro raised his obesity for the first time in his reply brief.  Although courts normally will not consider arguments made for the first time in a reply brief, Delutro's obesity makes no difference to my ultimate conclusion.  Further, Delutro's counsel suggests that he only learned of Delutro's obesity after viewing medical records attached to the government's opposition brief.  (See D.E. # 419 at 5.)

2

obesity puts one at greater risk of contracting severe illness due to COVID-19.  See People Who Are at Higher Risk for Severe Illness, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Mar. 9, 2021).  The CDC does not list sleep apnea as a condition which puts one at greater risk of illness due to COVID-19, although Delutro has cited several articles suggesting that sleep apnea could be a risk factor.  In any event, Delutro's health conditions are not an extraordinary circumstance warranting release given the low incidence of COVID-19 at FCI Danbury, the prison where he is incarcerated.  Of nearly 800 inmates, none currently has COVID-19; two staff members are infected.[2]  That represents a substantial decrease from the approximately 97 inmates testing positive in December 2020.  See United States v. Figueroa, No. 4-cr-515 (KAM), 2020 WL 6873433, at *4 (E.D.N.Y. Nov. 23, 2020) (denying motion for compassionate release from a prison where "the number of COVID-19 cases . . . has been relatively small"); United States v. Pinto-Thomaz, No. 18-CR-579 (JSR), 2020 WL 1845875, at *3 (S.D.N.Y. Apr. 13, 2020).

Second, Delutro argues that he should be released due to disparities between his sentence and the sentences of similarly situated defendants.  He contends that he has already served in excess of the median sentence for robbery in both federal and state courts.  But the fact that Delutro's sentence exceeds the median sentence for robbery convictions is not a compelling reason warranting early release, given that the robbery to which Delutro conspired was "extraordinarily serious" and resulted in the victim's death.  (Sent Tr. at 16:1-3.)  Delutro similarly contends that disparities between his sentence and the sentences received by his co-defendants justify an early

---

[2] See http://bop.gov/coronavirus (last visited Mar. 10, 2021).

release. But as the government persuasively argues, those co-defendants were sentenced to shorter terms of imprisonment in light of their cooperation with the government.[3]

Delutro next argues that the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019), presents an extraordinary and compelling circumstance warranting relief. Davis held that the residual clause of 18 U.S.C. § 924(c) was void for vagueness. According to Delutro, this decision warrants a sentence reduction because he was charged with violating § 924(c)—which would have carried a 10-year mandatory consecutive sentence—and pleaded guilty in part to avoid prosecution under that statute. But a similar argument was already made, and rejected, in Delutro's request to file a successive habeas petition based on a related Supreme Court ruling. See No. 16-2261 (2d Cir.) The Second Circuit rejected Delutro's application and wrote that "the possibility that the law would change was one of the risks Petitioner assumed when he pleaded guilty." (Id. D.E. # 36 (citing Brady v. United States, 397 U.S. 742, 757 (1970) ("a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise")).) So too here, the change in law announced in Davis is not an extraordinary circumstance warranting early release. See United States v. Morgan, 406 F.3d 135, 137 (2d Cir. 2005) ("[T]he possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements.")

Lastly, Delutro argues for a finding of extraordinary circumstances due to his rehabilitation and the collateral hardships he has faced while incarcerated—specifically, enduring family members' illnesses and deaths. As to rehabilitation, Delutro earned a bachelor's degree magna cum laude while incarcerated and has completed other rehabilitation programs. His pursuit of

---

[3] The two co-defendants who did not cooperate with the government were either not convicted of conduct relating to the robbery (in the case of Anthony Antico) or were sentenced to a longer term of imprisonment than Delutro (in the case of Anthony Pica).

rehabilitation and higher education while incarcerated is commendable.[4] But those rehabilitative efforts do not alone constitute an extraordinary circumstance warranting early release. Congress has made clear that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t); see Brooker, 976 F.3d at 237-38. Courts accordingly do not grant early release based solely upon rehabilitative efforts. See, e.g., United States v. Poncedeleon, No. 18-cr-6094-FPG, 2020 WL 3316107, at *3 (W.D.N.Y. June 18, 2020); United States v. Sanchez, No. 8-cr-789-1 (RJS), 2020 WL 2571074, at *2 (S.D.N.Y. May 21, 2020). Likewise, the family hardships that Delutro has faced while incarcerated do not warrant early release. Although facing the death or illness of parents and cousins while incarcerated is understandably very difficult, these are unfortunate but ordinary experiences of those who are incarcerated, rather than an extraordinary situation justifying early release. See United States v. Vailes, No. 16-CR-297 (AMD), 2020 WL 3960505, at *3 (E.D.N.Y. July 13, 2020) ("It is an unfortunate fact, however, that these burdens are common to almost all families of incarcerated people, and do not constitute extraordinary or compelling factors.").

### 2. 18 U.S.C. § 3553(a) Factors

Even where extraordinary and compelling circumstances exist, that alone does not entitle a defendant to early release. See 18 U.S.C. § 3582(c)(1)(A); United States v. Lisi, 440 F. Supp. 3d 246, 252 (S.D.N.Y. 2020) ("Even though the Court has found that [the defendant] has met the basic criteria for compassionate release, the Court's inquiry is not yet over."); United States v. Elliott, No. 17-cr-128 (ARR), 2020 WL 4381810, at *5 (E.D.N.Y. July 31, 2020) ("Even assuming that Elliott did show that extraordinary and compelling reasons were present in this case, the § 3553(a) factors militate against his release."); see also United States v. Ebbers, 432 F. Supp. 3d

---

[4] For its part, the government notes that Delutro has incurred several disciplinary infractions while incarcerated, including as recently as last year.

421, 430–31; Gotti, 433 F. Supp. 3d at 615.  Rather, under the First Step Act any circumstances must be weighed against the factors set forth in 18 U.S.C. § 3553(a).

Here, I sentenced Delutro to a 240-month term of imprisonment which he stipulated was "the appropriate sentence in this case." (D.E. # 178 at 2.)  At sentencing I agreed that such a term of imprisonment was appropriate in light of the "extraordinarily serious" nature of the crime. (Sent. Tr. at 16:1-3.)  Delutro conspired to commit a robbery which resulted in the death of the person being robbed.  He has years remaining in his sentence.  The 240-month term of imprisonment I imposed was—and remains—necessary to "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense," as well as "to afford adequate deterrence to criminal conduct."  18 U.S.C. § 3553(a)(2)(A), (B); see also § 3553(a)(1). A reduction in sentence is not necessary to "avoid unwarranted sentence disparities," 18 § 3553(a)(6), because, as explained above, Delutro's co-defendants who received shorter sentences of imprisonment did so in light of their cooperation with the government or conviction of different offenses.  In sum, I find that the § 3553(a) factors counsel against Delutro's release and outweigh the current circumstances he marshals in support of his release.

## CONCLUSION

For the reasons stated above, Delutro's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is DENIED.

SO ORDERED.

Dated: March 10, 2021
      Brooklyn, New York

                                              /s/ Carol Bagley Amon
                                              Carol Bagley Amon
                                              United States District Judge